Caroline E. Oks, Esq.
Yolanda J. Bromfield, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
973-596-4500
*Attorneys for Defendant*
*Cigna Health and Life Insurance Company*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| PREMIER ORTHOPAEDIC ASSOCIATES OF SOUTHERN NJ, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>                              Defendant. | Civil Action No.  1:24-cv-869<br><br>*Document electronically filed*<br><br>**NOTICE OF REMOVAL**<br><br>[Previously pending in the Superior Court of New Jersey, Cumberland County, Docket No. CUM-L-000001-24] |

TO:    **Clerk of the Court**
       United States District Court
       District of New Jersey
       Mitchell H. Cohen Building & U.S. Courthouse
       4th & Cooper Streets
       Camden, NJ 08101

       Aaron A. Mitchell, Esq.
       LAWALL & MITCHELL, LLC
       55 Madison Avenue
       Morristown, New Jersey 07960
       *Attorneys for Plaintiff*
       *Premier Orthopaedic Associates of Southern NJ, LLC*

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441(b), (c) and 1446, the

defendant Cigna Health and Life Insurance Company ("Cigna" or "Defendant"), through its

attorneys Gibbons P.C., hereby files this Notice of Removal to remove the above-captioned civil

action, and all claims and causes of action therein, from the Superior Court of New Jersey, Law

Division, Cumberland County, to the United States District Court for the District of New Jersey. For the reasons stated below, removal of this action is proper because: (1) the parties in this matter are citizens of different states and the amount in controversy exceeds $75,000; therefore, this Court has diversity jurisdiction under 28 U.S.C. § 1332; and (2) Plaintiff challenges Cigna's alleged failure to pay for services pursuant to employer-sponsored health benefits plans governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"); therefore, these claims are completely preempted by ERISA and this Court has federal question jurisdiction under 28 U.S.C. § 1331.  As to any cause of action not subject to this Court's original jurisdiction under 28 U.S.C. § 1331, this Court also has supplemental jurisdiction under 28 U.S.C. §§ 1367 and 1441(c).

## I.     PROCEEDINGS TO DATE

1.     A lawsuit styled *Premier Orthopaedic Associates of Southern N.J., LLC v. Cigna Health and Life Insurance Company*, was filed on January 2, 2024, in the Superior Court of New Jersey, Law Division, Cumberland County (the "State Court Action").

2.     Attached hereto as Exhibit A are copies of all process, pleadings, and orders received by Cigna relating to the State Court Action, consisting at this time of: (a) Summons and Complaint; (b) Track Assignment Notice; and (c) Affidavit of Service.[1]

## II.     PLAINTIFF'S COMPLAINT

1.     Plaintiff alleges that this lawsuit arises from Cigna's alleged "refusal to pay Plaintiff the money to which Plaintiff is entitled for providing necessary medical services" to Plaintiff's patient, "MA" ("the Patient").  *See* Complaint, Ex. A ("Compl."), ¶¶ 4, 8.

---

[1] Recitation in this Notice of Removal of certain allegations in the pleadings in this matter is not an admission of their truth.  Cigna does not waive, and hereby expressly reserves, all rights, privileges, and defenses in this matter.

2.      According to the Complaint, Plaintiff was "a non-participating or out-of-network provider that rendered medically necessary services to the Patient." *Id*. ¶ 9.

3.      Plaintiff alleges that on February 14, 2019 the Patient "presented to lnspira Medical Center [] where Dr. Rahul Shah [] performed medically necessary services, including: Posterior cervical decompression and cervical corpectomy with Fusion at the C3-6 levels." *Id*. ¶ 10.

4.      The Complaint further alleges that prior to performing the surgery, Plaintiff obtained prior authorization from Defendant to perform the surgery.  *Id.* ¶¶ 12-13.  Plaintiff provided the allegedly "medically-necessary" surgery to the Patient on February 14, 2019.  *Id.* ¶¶ 16, 19.

5.       Plaintiff alleges it billed Defendant for these services in the amount of $138,990.00, which represents the "usual, customary, and reasonable charges" for the services provided by the Plaintiff."  *Id.* ¶¶ 17, 19.  According to Plaintiff, Defendant paid nothing for the rendered services.  *Id.* ¶ 18.

6.      The Complaint alleges causes of action for Breach of Implied Contract (Count I); Promissory Estoppel (Count II); and Breach of the Covenant of Good Faith and Fair Dealing (Count III).  *Id.* ¶¶ 20-37.  It seeks relief in the form of reimbursement totaling $138,990.00, plus interest, costs and attorney's fees.

7.      First, Plaintiff alleges a claim for breach of implied contract on the grounds that an implied-in-fact contract to pay for the medical services by authorizing such services and agreeing to pay the "the usual, customary, and reasonable rates" for the medical services provided by Plaintiff.  *Id.* ¶¶ 21-27.

8.      Second, Plaintiff alleges a claim for promissory estoppel on the grounds that, by authorizing the services provided, Defendant promised that "Plaintiff would be paid the usual,

customary, and reasonable rates for their services," and Plaintiff relied on Defendant's promise by providing services to the Patient. *Id.* ¶¶ 29-32.

9.      Third, Plaintiff alleges a claim for breach of the covenant of good faith and fair dealing on the grounds that Defendant breached that duty by refusing to properly process and pay even a portion of Plaintiff's bill." *Id.* ¶¶ 34-35.

10.     The claims at issue in this matter are covered, if at all, by an employer-sponsored health-benefits plan governed by ERISA.  *See* 29 U.S.C. § 1002(1)(A).

11.     Because, as detailed below, the Complaint seeks reimbursement of amounts paid for medical services pursuant to an employee-benefit plan subject to ERISA, this action concerns claims for benefits offered to an ERISA plan participant.

### III.     GROUNDS FOR REMOVAL - DIVERSITY JURISDICTION

12.     Section 1332 of title 28 of the United States Code provides that this Court shall have original jurisdiction over controversies between citizens of different States in which the amount in controversy is in excess of $75,000 exclusive of interest and costs, and that a corporation shall be deemed a citizen of that State in which it is incorporated and that State in which it has its principal place of business.

13.     Plaintiff alleges that it is "a company organized and operating under the Law of the State of New Jersey" with a business address of 352 South Delsea Drive, Vineland, New Jersey. *See* Compl. ¶ 1.

14.     Defendant is a corporation organized under the laws of the State of Connecticut, with its principal place of business at 900 Cottage Grove Road, Bloomfield, Connecticut. Defendant is thus a citizen of Connecticut and no other state.

15.     The Complaint seeks monetary relief in an amount exceeding $75,000.  *Id.* ¶ 6.

16.     Because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

**IV.     GROUNDS FOR REMOVAL - FEDERAL QUESTION JURISDICTION**

17.     A district court has federal question jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

18.     As described in Part II above, because Plaintiff complains about alleged failures to reimburse benefits under an ERISA-governed plan, any state-law claims against Defendant based upon that alleged failure are completely preempted by ERISA and removable to this Court based upon its federal-question jurisdiction under 28 U.S.C. § 1331.  Plaintiff seeks reimbursement of medical benefits issued to the insured through an ERISA-governed policy.  Plaintiff has alleged that it is entitled to payment of benefits provided by Cigna.

19.     As the United States Supreme Court has repeatedly held, the "carefully integrated civil enforcement provisions" in Section 502(a) of ERISA, 29 U.S.C. § 1132(a), set forth the "exclusive" remedies available for the allegedly erroneous denial, non-payment or underpayment of benefits available under an ERISA-governed health benefits plan.  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).

20.     Indeed, the exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA-governed benefits.  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987) (the preemptive force of ERISA operates to "convert[]" ordinary state law claims into federal claims for purposes of the well-pleaded complaint rule); *see also Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (holding that "any state-law cause of action that duplicates,

supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted").

21.     In *Davila*, two members of ERISA-governed plans asserted state-law claims against managed-care companies seeking damages resulting from injuries allegedly sustained as a result of the defendants' decision not to cover treatments recommended by the members' treating physicians.  *Id.* at 204-05.   There, the Supreme Court held that the state-law claims were completely preempted by ERISA and thus removable to federal court, because the defendants' liability for any damages "would exist here only because of petitioners' administration of ERISA-regulated benefit plans," and thus the defendants' "potential liability under [state law] in these cases . . . derives entirely from the particular rights and obligations established by the benefit plans." *Id.* at 213.

22.     Any state-law claims against Cigna that seek to recover benefits from an ERISA plan are completely preempted by ERISA and removable to this Court based upon its federal-question jurisdiction under 28 U.S.C. § 1331.

23.     As noted above, Plaintiff alleges three state-law causes of action in this matter, breach of contract, promissory estoppel and breach of the covenant of good faith and fair dealing. Whether a pleading sounds in ERISA does not depend on the Plaintiff's characterization of its claims. *Metropolitan Life*, 481 U.S. at 63-64.

24.     Plaintiff's claims are in reality claims for benefits under an employee benefit plan governed by ERISA, these claims are preempted under the complete preemption doctrine of ERISA, and this case is properly removed to this Court on this alternative ground.

25.     Therefore, this Court has federal question jurisdiction based upon the alleged federal causes of action set forth in the Complaint..

## V.    SUPPLEMENTAL JURISDICTION

26.    This Court has supplemental jurisdiction over any non-ERISA causes of action which may be construed in Plaintiff's Complaint under 28 U.S.C. §§ 1367 and 1441(c).

## VI.    VENUE

27.    The State Court Action was filed in the Superior Court of New Jersey, Law Division, Cumberland County, which is within this judicial district.  *See* 28 U.S.C. § 110.  This Court is thus the proper court for removal under 28 U.S.C. §§ 1441(a), 1446(a).

## VII.    TIMELINESS

28.    Plaintiff attempted to serve Cigna on January 16, 2024 via personal service at Cigna's headquarters in Bloomfield, Connecticut.

29.    Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because 30 days has not passed under Fed. R. Civ. P. 6 since receipt by Cigna, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.  *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 356 (1999) (holding that proper service under state law triggers the time period for filing of removal).

## VIII.    NOTICE

30.    Cigna will give written notice of the filing of this Notice of Removal to Plaintiff's counsel of record, as required by 28 U.S.C. § 1446(d), and a copy of this Notice, together with a Notice of Filing Notice of Removal, will be filed electronically with the clerk of the Superior Court of New Jersey, Law Division, Cumberland County.

## IX.    CONCLUSION

31.    This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

32.     Based on the foregoing, Cigna respectfully requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

Dated: February 15, 2024
      Newark, New Jersey

By:  s/ Caroline E. Oks
Caroline E. Oks, Esq.
Yolanda J. Bromfield, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102-5310
Tel:  (212) 613-2009
Fax:  (973) 639-6486
coks@gibbonslaw.com
ybromfield@gibbonslaw.com

# Exhibit A



**CT Corporation**
**Service of Process Notification**
01/16/2024
CT Log Number 545543185

## Service of Process Transmittal Summary

**TO:**   Shayla Graham
Cigna Companies
900 COTTAGE GROVE RD
BLOOMFIELD, CT 06002-2920

**RE:**   **Process Served in Connecticut**

**FOR:**   Cigna Health and Life Insurance Company  (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PREMIER ORTHOPAEDIC ASSOCIATES OF SOUTHERN N.J. LLC vs. CIGNA HEALTH AND LIFE INSURANCE COMPANY |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand and Designation, Notice |
| **COURT/AGENCY:** | Cumberland County, Superior Court of New Jersey, NJ<br>Case # CUML00000124 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, East Hartford, CT |
| **DATE/METHOD OF SERVICE:** | By Process Server on 01/16/2024 at 13:13 |
| **JURISDICTION SERVED:** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date of receipt, not counting the date you received it |
| **ATTORNEY(S)/SENDER(S):** | Aaron A. Mitchell<br>Lawall & Mitchell, LLC<br>55 Madison Avenue<br>Morristown, NJ 07960<br>973-285-3280 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/16/2024, Expected Purge Date: 01/21/2024<br><br>Image SOP<br><br>Email Notification,  Incoming Legal  legalandpublicaffairs-incominglegal@evernorth.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>67 Burnside Ave<br>East Hartford, CT 06108<br>877-564-7529<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

 Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
01/16/2024
CT Log Number 545543185

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jan 16, 2024
**Server Name:** Drop Service

| Entity Served | CIGNA HEALTH AND LIFE INSURANCE COMPANY |
|---|---|
| Case Number | CUML00000124 |
| Jurisdiction | CT |

| Inserts | | |
|---|---|---|
| | | |



## SUMMONS

Attorney(s) LAWALL & MITCHELL, LLC

Office Address  55 MADISION AVENUE, 4TH FLOOR

Town, State, Zip Code  MORRISTOWN NJ 07960

Telephone Number  973-285-3280

Attorney(s) for Plaintiff Premier Orthopaedic Associates

of Southern NJ LLC

_____

Plaintiff(s)

vs.

CIGNA Health and Life Insurance

Company

Defendant(s)

**Superior Court of**
**New Jersey**

Cumberland ⊞ County

Civil          Division

Docket No: CUM-L-000001-24

**CIVIL ACTION**
**SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

   The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

   If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

   If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

*/s/ Michelle M Smith*
Clerk of the Superior Court

DATED:  01/03/2024

Name of Defendant to Be Served:  CIGNA Health and Life Insurance Company

Address of Defendant to Be Served:  1601 Chestnut Street, Philadelphia PA 19192

Lawall & Mitchell, LLC
Aaron A. Mitchell, Esquire (I.D. #039782008)
55 Madison Avenue
Morristown, New Jersey 07960
Attorneys for Plaintiff
973-285-3280
-------------------------------------------------------
PREMIER ORTHOPAEDIC ASSOCIATES
OF SOUTHERN NJ, LLC

|  |  |
|---|---|
| Plaintiff, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CUMBERLAND COUNTY |
| -VS- | DOCKET NO.: |
|  | CIVIL ACTION |
| CIGNA HEALTH AND LIFE INSURANCE<br>COMPANY |  |
| Defendant | COMPLAINT, JURY DEMAND,<br>AND DESIGNATION OF TRIAL COUNSEL |

-------------------------------------------------------

Plaintiff Premier Orthopaedic Associates of Southern NJ, LLC, by and through its
attorneys, Lawall and Mitchell, LLC and as and for its Complaint against Defendant Cigna Health
and Life Insurance, says:

## THE PARTIES

1.      Plaintiff Premier Orthopaedic Associates of Southern NJ, LLC (hereinafter referred
to as "Premier" and "Plaintiff") with a business address of 352 South Delsea Drive, City of Vineland,
County of Cumberland, and State of New Jersey, is now and was at all times relevant to this action,
a company organized and operating under the Law of the State of New Jersey, providing healthcare
services.

2.      Upon information and belief, at all relevant times, Defendant Defendant Cigna
Health and Life Insurance (hereinafter referred to as "Cigna" or "Defendant") was a corporation
whose headquarters are located at 160 Chestnut, Philadelphia, Pennsylvania, which conducted and
continues to conduct significant business in the State of New Jersey.

## JURISDICTION AND VENUE

3.      Plaintiff's office is located in Cumberland County, New Jersey, and all medical services which are the subject matter of this action were rendered in Cumberland County, New Jersey.

4.      Patient, "MA" herein identified only by Cigna Identification Number U6753479701(hereinafter referred to as the "Patient") received medical benefits through Defendant Cigna.

5.      Plaintiff is proceeding on its own individual claims concerning medical services provided to the Patient.

6.      The amount in controversy is at least $138,990.00.

7.      For all the reasons stated above, this Court has jurisdiction over this matter and, further, it is the proper venue for this matter to be heard.

## FACTUAL BACKGROUND

8.      This dispute arises out of the Defendant's refusal to pay Plaintiff the money to which Plaintiff is entitled for providing necessary medical services to the Patient.

9.      At all relevant times, Plaintiff was a non-participating or out-of-network provider that rendered medically necessary services to the Patient.

10.     February 14, 2019, the Patient presented to Inspira Medical Center (hereinafter referred to as the "Hospital"), where Dr. Rahul Shah (hereinafter "Dr. Shah") performed medically necessary services, including: Posterior cervical decompression and cervical corpectomy with Fusion at the C3-6 levels.

11.     Dr. Shah is a Board-Certified orthopedic surgeon who is employed and/or contracted by the Plaintiff.

2

12.     Plaintiff, as part of its normal business practice, obtained authorization for the medically necessary treatment of the Patient. This authorization is also applicable to all physicians, including Dr. Shah, who is employed and/or contracted by the Plaintiff.

13.     Particularly, Plaintiff sought and received written authorization to perform the medically-necessary procedures in a letter dated January 30, 2019.

14.     As was customary with Defendant, given the prior dealings between the parties, Plaintiff reasonably believed that it would be at the usual, customary, and reasonable rate. This rate is commonly referred to in the healthcare industry as "UCR".

15.     UCR is the commonly accepted rate of payment for out-of-network providers.

16.     On February 14, 2019, Plaintiff dutifully performed the pre-authorized procedures.

17.     Following the surgery. Plaintiff billed its usual, customary, and reasonable rate of $138,990.00.

18.     Defendant paid nothing ($0.00) towards these reasonable charges, leaving a balance due on this bill of $138,990.00.

19.     While Defendant were aware that Plaintiff was an out-of-network provider, Defendant never disclosed that it did not intent to pay the usual and customary value for said services at the time of authorization.  To the contrary, by issuing the authorization number for the services, Defendant accepted and approved the medically necessary services provided by the Plaintiff, with the explicit knowledge that Defendant never intended to pay the amounts they were obligated to pay, thereby damaging Plaintiff in the sum of $138,990.00.

## FIRST COUNT
### (Breach of Implied Contract)

20.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "19" of this Complaint with the same force and effect as if fully set forth herein at length.

21.    Plaintiff hereby alleges that a contract has been created through Defendant's course of conduct and interaction with Plaintiff (hereinafter, the "Contract").

22.    By authorizing the surgery, Defendant agreed to pay the usual, customary, and reasonable rates for the medical services provided by Plaintiff and Plaintiff performed said services based upon those terms.

23.    This implied-in-fact contract indicated that Plaintiff would be paid by Defendant the usual, customary, and reasonable rate for the highly-skilled services provided by the Plaintiff.

24.    However, Plaintiff was paid nothing ($0.00) for the extremely highly-skilled services provided to the Patient, despite Defendant the implied agreement that Plaintiff would be paid UCR.

25.    Plaintiff's billed charges are in line with UCR.

26.    Plaintiff has suffered significant damages as a result of Defendant' failure to pay the agreed upon value for the services.

27.    As a direct result of Defendant breach of the contract, Plaintiff has been damaged in the sum of $138,990.00, plus interest, costs, and attorneys' fees.

## SECOND COUNT
### (Promissory Estoppel)

28.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in paragraphs "1" through "27" of this Complaint with the same force and effect as if fully set forth herein at length.

4

29.     By providing pre-surgery authorizations to Plaintiff, Defendant promised that Plaintiff would be paid the usual, customary, and reasonable rates for their services.

30.     Plaintiff relied upon this promise to its detriment by spending valuable time, resources, and energy in providing medical services to the Patient.

31.     Plaintiff has suffered significant damages as a result of Defendant's actions.

32.     As a direct result of Defendant's refusal to pay Plaintiff pursuant to its promise for the services Plaintiff provided at the behest of Defendant, Plaintiff has been damaged in the sum of $138,990.00, plus interest, costs, and attorneys' fees.

## THIRD COUNT
### (Breach of the Covenant of Good Faith and Fair Dealing)

33.     Plaintiffs repeats, reiterates, and re-alleges each and every allegation set forth in paragraphs "1" through "32" of this Complaint with the same force and effect as if fully set forth herein at length.

34.     Inherent in every agreement, including the one alleged here, there exists a duty to act in good faith and deal fairly with your counterparties.

35.     Defendant breached that duty by refusing to properly process and pay even a portion of Plaintiff's bill.

36.     Plaintiff has suffered significant damages as a result of Defendant's actions.

37.     As a direct result of Defendant's refusal to pay Plaintiff for the medical services provided and billed to Defendant, Plaintiff has been damaged in an amount to be determined at trial, but not less than $138,990.00.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendant:

1.     As and for its First cause of action, for breach of contract in an amount to be determined at trial, but not less than $138,990.00, along with its reasonable attorneys' fees,

interest, costs and expenses; and

    2.  As and for its Second cause of action under the theory of promissory estoppel in an amount to be determined at trial, but not less than $138,990.00, along with its reasonable attorneys' fees, interest, costs and expenses; and

    3.  As and for its Third cause of action for breach of the covenant of good faith and fair dealing in an amount to be determined at trial, but not less than $138,990.00, along with its reasonable attorneys' fees, interest, costs and expenses; and

    4.  Along with such other and further relief to plaintiff as this Court deems just, fair, and proper.

**JURY DEMAND**

    Plaintiff hereby demands a trial by jury as to all counts.

**CERTIFICATION**

    I hereby certify that pursuant to R. 4:5-1 that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding related to claims arising from medical services provided from Plaintiff to the Patient. No such action or arbitration proceeding is contemplated by plaintiff at this time.

                    LAWALL & MITCHELL, LLC
                    *Attorneys for Plaintiff*

            By: /s/ Aaron A. Mitchell

               Aaron A. Mitchell, Esquire

Dated: January 2, 2024

A True Copy
Attest

Process Server
Christina Foran

6

```
CUMBERLAND COUNTY SUPERIOR COURT
CIVIL CASE MANAGEMENT
60 W BROAD ST
BRIDGETON        NJ 08302
                                      TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 878-5050
COURT HOURS  8:30 AM - 4:30 PM


              DATE:   JANUARY 02, 2024
              RE:     PREMIER ORTHOPAEDIC  ASSOCIATE  VS CIGNA HEALTH A
              DOCKET: CUM L -000001 24

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES R. SWIFT

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      101
AT:  (856) 878-5050 EXT 15328.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                      ATTENTION:
                                  ATT: DARA J. LAWALL
                                  LAWALL & MITCHELL
                                  55 MADISON AVE
                                  STE 400
                                  MORRISTOWN        NJ 07960

ECOURTS
```

A True Copy
Attest:

Process Server
Christine Foran

**Lawall & Mitchell, LLC**
Aaron A. Mitchell, Esquire (I.D. #039782008)
55 Madison Avenue
Morristown, New Jersey 07960
Attorneys for Plaintiff
973-285-3280
-----------------------------------------------------
PREMIER ORTHOPAEDIC ASSOCIATES
OF SOUTHERN NJ, LLC

|  |  |
|---|---|
|           Plaintiff, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CUMBERLAND COUNTY |
|    -VS- | DOCKET NO.: |
|  | <u>CIVIL ACTION</u> |
| CIGNA HEALTH AND LIFE INSURANCE<br>COMPANY | |
|     Defendant | <u>**COMPLAINT, JURY DEMAND,**</u><br><u>**AND DESIGNATION OF TRIAL COUNSEL**</u> |

-----------------------------------------------------

Plaintiff Premier Orthopaedic Associates of Southern NJ, LLC, by and through its attorneys, Lawall and Mitchell, LLC and as and for its Complaint against Defendant Cigna Health and Life Insurance, says:

<u>**THE PARTIES**</u>

1.      Plaintiff Premier Orthopaedic Associates of Southern NJ, LLC (hereinafter referred to as "Premier" and "Plaintiff") with a business address of 352 South Delsea Drive, City of Vineland, County of Cumberland, and State of New Jersey, is now and was at all times relevant to this action, a company organized and operating under the Law of the State of New Jersey, providing healthcare services.

2.      Upon information and belief, at all relevant times, Defendant Defendant Cigna Health and Life Insurance (hereinafter referred to as "Cigna" or "Defendant") was a corporation whose headquarters are located at 160 Chestnut, Philadelphia, Pennsylvania, which conducted and continues to conduct significantbusiness in the State of New Jersey.

## JURISDICTION AND VENUE

3.      Plaintiff's office is located in Cumberland County, New Jersey, and all medical services which are the subject matter of this action were rendered in Cumberland County, New Jersey.

4.      Patient, "MA" herein identified only by Cigna Identification Number U6753479701(hereinafter referred to as the "Patient") received medical benefits through Defendant Cigna.

5.      Plaintiff is proceeding on its own individual claims concerning medical services provided to the Patient.

6.      The amount in controversy is at least $138,990.00.

7.      For all the reasons stated above, this Court has jurisdiction over this matter and, further, it is the proper venue for this matter to be heard.

## FACTUAL BACKGROUND

8.      This dispute arises out of the Defendant's refusal to pay Plaintiff the money to which Plaintiff is entitled for providing necessary medical services to the Patient.

9.      At all relevant times, Plaintiff was a non-participating or out-of-network provider that rendered medically necessary services to the Patient.

10.     February 14, 2019, the Patient presented to Inspira Medical Center (hereinafter referred to as the "Hospital"), where Dr. Rahul Shah (hereinafter "Dr. Shah") performed medically necessary services, including: Posterior cervical decompression and cervical corpectomy with Fusion at the C3-6 levels.

11.     Dr. Shah is a Board-Certified orthopedic surgeon who is employed and/or contracted by the Plaintiff.

2

12.     Plaintiff, as part of its normal business practice, obtained authorization for the medically necessary treatment of the Patient. This authorization is also applicable to all physicians, including Dr. Shah, who is employed and/or contracted by the Plaintiff.

13.     Particularly, Plaintiff sought and received written authorization to perform the medically-necessary procedures in a letter dated January 30, 2019.

14.     As was customary with Defendant, given the prior dealings between the parties, Plaintiff reasonably believed that it would be at the usual, customary, and reasonable rate. This rate is commonly referred to in the healthcare industry as "UCR".

15.     UCR is the commonly accepted rate of payment for out-of-network providers.

16.     On February 14, 2019, Plaintiff dutifully performed the pre-authorized procedures.

17.     Following the surgery, Plaintiff billed its usual, customary, and reasonable rate of $138,990.00.

18.     Defendant paid nothing ($0.00) towards these reasonable charges, leaving a balance due on this bill of $138,990.00.

19.     While Defendant were aware that Plaintiff was an out-of-network provider, Defendant never disclosed that it did not intent to pay the usual and customary value for said services at the time of authorization.  To the contrary, by issuing the authorization number for the services, Defendant accepted and approved the medically necessary services provided by the Plaintiff, with the explicit knowledge that Defendant never intended to pay the amounts they were obligated to pay, thereby damaging Plaintiff in the sum of $138,990.00.

## FIRST COUNT
### (Breach of Implied Contract)

20.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "19" of this Complaint with the same force and effect as if fully set forth herein at length.

21.     Plaintiff hereby alleges that a contract has been created through Defendant's course of conduct and interaction with Plaintiff (hereinafter, the "Contract").

22.     By authorizing the surgery, Defendant agreed to pay the usual, customary, and reasonable rates for the medical services provided by Plaintiff and Plaintiff performed said services based upon those terms.

23.     This implied-in-fact contract indicated that Plaintiff would be paid by Defendant the usual, customary, and reasonable rate for the highly-skilled services provided by the Plaintiff.

24.     However, Plaintiff was paid nothing ($0.00) for the extremely highly-skilled services provided to the Patient, despite Defendant the implied agreement that Plaintiff would be paid UCR.

25.     Plaintiff's billed charges are in line with UCR.

26.     Plaintiff has suffered significant damages as a result of Defendant' failure to pay the agreed upon value for the services.

27.     As a direct result of Defendant breach of the contract, Plaintiff has been damaged in the sum of $138,990.00, plus interest, costs, and attorneys' fees.

## SECOND COUNT
### (Promissory Estoppel)

28.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in paragraphs "1" through "27" of this Complaint with the same force and effect as if fully set forth herein at length.

4

29. By providing pre-surgery authorizations to Plaintiff, Defendant promised that Plaintiff would be paid the usual, customary, and reasonable rates for their services.

30. Plaintiff relied upon this promise to its detriment by spending valuable time, resources, and energy in providing medical services to the Patient.

31. Plaintiff has suffered significant damages as a result of Defendant's actions.

32. As a direct result of Defendant's refusal to pay Plaintiff pursuant to its promise for the services Plaintiff provided at the behest of Defendant, Plaintiff has been damaged in the sum of $138,990.00, plus interest, costs, and attorneys' fees.

## **THIRD COUNT**
### **(Breach of the Covenant of Good Faith and Fair Dealing)**

33. Plaintiffs repeats, reiterates, and re-alleges each and every allegation set forth in paragraphs "1" through "32" of this Complaint with the same force and effect as if fully set forth herein at length.

34. Inherent in every agreement, including the one alleged here, there exists a duty to act in good faith and deal fairly with your counterparties.

35. Defendant breached that duty by refusing to properly process and pay even a portion of Plaintiff's bill.

36. Plaintiff has suffered significant damages as a result of Defendant's actions.

37. As a direct result of Defendant's refusal to pay Plaintiff for the medical services provided and billed to Defendant, Plaintiff has been damaged in an amount to be determined at trial, but not less than $138,990.00.

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendant:

1. As and for its First cause of action, for breach of contract in an amount to be determined at trial, but not less than $138,990.00, along with its reasonable attorneys' fees,

interest, costs and expenses; and

2.  As and for its Second cause of action under the theory of promissory estoppel in an amount to be determined at trial, but not less than $138,990.00, along with its reasonable attorneys' fees, interest, costs and expenses; and

3. As and for its Third cause of action for breach of the covenant of good faith and fair dealing in an amount to be determinedat trial, but not less than $138,990.00, along with its reasonable attorneys' fees, interest, costs and expenses; and

4.  Along with such other and further relief to plaintiff as this Court deems just, fair, and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all counts.

## **CERTIFICATION**

I hereby certify that pursuant to R. 4:5-1 that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding related to claims arising from medical services provided from Plaintiff to the Patient. No such action or arbitration proceeding is contemplated by plaintiff at this time.

LAWALL & MITCHELL, LLC
*Attorneys for Plaintiff*

By: /s/ Aaron A. Mitchell

Aaron A. Mitchell, Esquire

Dated: January 2, 2024

# Civil Case Information Statement

## Case Details: CUMBERLAND | Civil Part Docket# L-000001-24

**Case Caption:** PREMIER ORTHOPAEDIC  ASSOCIATE VS CIGNA HEALTH A

**Case Initiation Date:** 01/02/2024

**Attorney Name:** DARA J LAWALL

**Firm Name:** LAWALL & MITCHELL

**Address:** 55 MADISON AVE STE 400
MORRISTOWN NJ 07960

**Phone:** 9732853280

**Name of Party:** PLAINTIFF : Premier Orthopaedic Associates

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Premier Orthopaedic Associates?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/02/2024
Dated

/s/ DARA J LAWALL
Signed

CUMBERLAND COUNTY SUPERIOR COURT
CIVIL CASE MANAGEMENT
60 W BROAD ST
BRIDGETON          NJ 08302

                          TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 878-5050
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   JANUARY 02, 2024
                    RE:     PREMIER ORTHOPAEDIC  ASSOCIATE  VS CIGNA HEALTH A
                    DOCKET: CUM L -000001 24

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES R. SWIFT

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      101
AT:  (856) 878-5050 EXT 15328.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                         ATT: DARA J. LAWALL
                         LAWALL & MITCHELL
                         55 MADISON AVE
                         STE 400
                         MORRISTOWN      NJ 07960

ECOURTS

2402224

**SUPERIOR COURT OF NEW JERSEY
CIVIL DIVISION, CUMBERLAND
COUNTY**



*246517*

**AFFIDAVIT OF SERVICE**

Index no :**CUM-L-000001-24**

**Premier Orthopaedic Associates of Southern NJ, LLC**

Plaintiff(s),

vs.

**CIGNA Health and Life Insurance Company**

Defendant(s).

_____/

**STATE OF CONNECTICUT**

**ss: East Hartford**

**HARTFORD COUNTY**

**Christine Foran**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the State of Connecticut.

On **01/16/2024** at **9:00 AM**, I served the within **Summons and Complaint, Jury Demand and Designation of Trial Counsel** on **CIGNA Health and Life Insurance Company** at **c/o CT Corporation System, 67 Burnside Avenue, East Hartford, CT 06108** in the manner indicated below:

CORPORATE SERVICE: By delivering a true copy of each to **Gary Scappini, Manager/Managing Agent** of the above named corporation. The undersigned asked the recipient if he/she is authorized to accept service on behalf of **CIGNA Health and Life Insurance Company**, and the recipient responded in the affirmative.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin/race | Color of hair | Age | Height | Weight |
|-----|-------------------|---------------|-----|--------|--------|
| Male | Caucasian | Brown/Gray | 65 | 6'3" | 205 |

Other Features:

Sworn to and subscribed before me on
January 16, 2024
by an affiant who is personally known to
me or produced identification.

NOTARY PUBLIC
My Commission Expires: _____

X _____
Christine Foran
Intercounty Judicial Services
6851 Jericho Turnpike
Suite 180
Syosset, NY 11791
516-248-8270
Atty File#:

AMY J. CHANTRY
*NOTARY PUBLIC*
My Commission Expires Mar. 31, 2028